UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

          -against-

                                        Order

ARIEL GUREVICH                        05 Crim. 01271 (GBD)

                   Defendant.
------------------------------------------------------------x

        Defendant Ariel Gurevich, proceeding *pro se*, moves to seal his criminal record on account of his post-release conduct and lack of any further criminal convictions. (Letter Mot., ECF No. 23, at 1.) The Government has indicated that it opposes the request. Because this Court does not have jurisdiction over the instant motion, Defendant's motion to seal is **DENIED**.

        After more than seventeen years since his criminal conviction in 2006, Defendant wrote a letter to this Court in March 2024 requesting that it seal his criminal record because he has "been an upstanding citizen for the last many years and ha[s] absolutely done [his] best [to] contribute positively to everyone around [him]." (Judgment, ECF No. 18; Letter Mot. at 1.)

        A court "sitting in a criminal prosecution has ancillary jurisdiction to issue protective orders regarding dissemination of arrest records" insofar as the case resulted in dismissal and not "a valid conviction." *Doe v. United States*, 833 F.3d 192, 195, 197 (2d Cir. 2016) (citation omitted). Accordingly, ancillary jurisdiction does not extend to motions to seal (or expunge) in cases in which the conviction at issue "was valid and the underlying criminal case had long since concluded." *Id.* at 196.

        This is because "ancillary jurisdiction may be exercised 'for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in

varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Id.* at 198 (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80 (1994)).

Defendant's motion to seal, which involves a valid conviction related to a criminal case terminated over seventeen years ago, does not implicate either aim set forth in *Doe*. Rather, his motion merely rests on equitable grounds that are "entirely unnecessary to manage a court's proceedings, vindicate its authority, or effectuate its decrees." *Id.* Nor is there sufficient factual interdependence. The underlying conviction and newly asserted motion are "two analytically and temporally distinct proceedings," as the instant motion "is premised on events that are unrelated to the sentencing and that transpire[d] long after the conviction itself." *Id.* As a result, this Court does not have jurisdiction over the instant motion, and thus Defendant's motion to seal is **DENIED**.

Dated: New York, New York
      August 28, 2024

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge